BLANCO FRESNO & Co., *S. en C.*, Plaintiff and Appellant, *v.* ROYAL INSURANCE Co. LTD., Defendant and Appellee.

No. 5296. Argued February 17, 1931.—Decided April 29, 1932.

*A. García Ducós* and *M. A. Martínez Dávila* for appellant. *José Sabater* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff after a fire and alleged loss attached the interest of García Bros. in the proceeds of an insurance policy. The Royal Insurance Co., Ltd., against whom the attachment ran, refused to pay, and this suit is the consequence. The defense of the insurance company was that the fire was not casual; denied that García Bros. after the fire delivered

to the insurance company all the documents required by the policy; alleged that García Bros. put in a claim of total destruction of $14,592.04 against the defendant and another company when in point of fact on the day of the fire said García Bros. did not have a tenth part of the effects alleged to have been in their possession; and that García Bros. before the fire fraudulently transferred a great part of the effects originally insured to another place; that García Bros. failed to make a proper inventory of their merchandise or at least to keep books showing such merchandise as required by the policy.

The District Court of Aguadilla after a trial dismissed the complaint. The court did not think that the malicious origin of the fire was sufficiently proved but held that García Bros. had not complied with the iron-safe clause as it is familiarly known, inasmuch as they did not keep adequate books or at least did not show the actual amount of merchandise on hand at the time of the fire. The court cited *Rodríguez* v. *U. S. Fire Ins. Co.*, 34 P.R.R. 370; *Comp. Mer. Arroyana* v. *Home Ins. Co.*, 35 P.R.R. 623; and section 405 of the Code of Commerce, and held that as the fire happened under suspicious circumstances the amount of the loss should have been clearly proved in accordance with *Northern Assur. Co.* v. *Del Moral,* 300 Fed. 513, and for other reasons.

The insurance was taken out on April 21, 1925. The fire occurred on May 5, 1925, and therefore all the parties are agreed that it was not necessary for García Bros. to make an inventory under the terms of the policy to the effect that such inventory should be made within thirty days after its issuance.

The first assignment of error relates to the pleadings. The plaintiff maintained and maintains that the answer contained negative pregnants and hence the averments of the complaint were admitted. One of the answers of the defendant to this contention is that the objection to the sufficiency of the answer came too late when raised for the first time at

the trial. This contention of the appellee is supported by our decision in *Ana María Sugar Co.* v. *Castro et al.,* 28 P.R.R. 225, citing *People* v. *París,* 25 P.R.R. 103. One of the principal reasons is that the parties and the witnesses should not be kept waiting while the attorneys discuss the pleadings. Both the public and the defendant have a right to be protected against delays of this kind. Normally a court will grant a defendant an opportunity to amend either at the trial or by the postponement of the case on payment of costs. We agree that the objection came too late and that it was no error to overrule the oral motion presented by the plaintiff asking that judgment on the pleadings be rendered.

Moreover, the statement of the case shows that on the day of the trial the plaintiff objected orally to the answer because it contained negative pregnants. No specification appears as to what the negative pregnants were. While possibly in the discussion in the lower court the plaintiff drew specific attention to the alleged faults, we think a motion of this kind which is more or less technical should also be technically expressed so as to make a record. It is essentially a part of the pleadings in the case, so that we think the assignment of error can not avail the appellant.

More particularly, however, we agree with the appellee that the answer sufficiently apprised the plaintiff of the various defenses that the defendant proposed to raise. The plaintiff necessarily was informed by the answer that the defendant alleged that the fire was not casual, that adequate books were not kept, that there was a fraudulent transfer of merchandise and that at the time of the fire the said García Bros. did not have on hand the amount of merchandise alleged by them. There may have been some informalities in the wording of the answer which we shall not stop to examine.

The other two assignments of error in essence relate to the weight of the evidence in the court below. The most important thing in favor of the appellant was that experts who were called by the plaintiff as witnesses testified to the ex-

istence of merchandise in the shop of García Bros. to the amount of $16,000 at a date shortly before the occurrence of the fire. It does not follow that the effects continued to be more or less the same at the date of the fire. It is very difficult for an insurer to show a diminution of merchandise. This is true as a general matter, but in this particular case the policy required the assured to keep books to show the actual state of the merchandise at the time of the fire. We feel bound to hold therefore that the plaintiff did not successfully prove that García Bros. at the time of the fire had $14,000 of merchandise on hand; that is to say, that they did not comply with the conditions of the policy as to proof of this fact.

Furthermore, there was evidence before the court which it was entitled to believe that if there had been fourteen or sixteen thousand dollars, worth of merchandise on hand it would have been practically impossible for a fire to have operated as it did in this case. The evidence tended to show that there was not a trace left of the $16,000 which the plaintiff claims existed at the time of the fire with the exception of some bundles of cloth. The place was practically a mass of ashes. The shop was a haberdashery one and generally effects are not totally destroyed.

We need not insist upon the non-casual nature of the fire as the court found that the proof in this regard was insufficient. We agree however with the court and its citation of *Northern Assurance Co.* v. *Del Moral,* 300 Fed. 513, that the plaintiff under the suspicious circumstances of the fire was bound to make strict proof of the loss. There was a conflict of evidence as to whether the place was impregnated with gasoline or not, but all of this is covered by the finding of the court that the evidence of incendiarism was not sufficient. Too much emphasis can not be laid upon the fact that neither García Bros. nor Guillermo García made no attempt to keep books or inventories showing the actual value of the goods on hand.

We desire to say a word further upon the suspicious nature of the fire. It transpired that García Bros. were largely indebted to the plaintiff, in a sum of about $14,000. The firm of García Bros. was composed of two persons. One of them was Guillermo García, who in point of fact conducted a shop of his own until the 17th day of April, 1925, when the partnership was formed. The debt originally was owing by Guillermo García. The other brother had no responsibility for the debt of his brother, yet without more ado he joined the partnership. Nevertheless, he was not a witness at the trial. The appellant said that it could not get hold of this witness, but his failure to appear at the trial was significant. He had absolutely no personal interest in protecting the debt of the plaintiff. Moreover, the plaintiff sent one of its employees to prepare or set up the initial books of García Bros. By itself such a fact is hardly important, but in connection with the other facts of this case it is an additional suspicious circumstance.

Necessarily there was some conflict in the evidence as to the existence of the merchandise but practically no conflict as to the nonexistence of the record that the insurance policy required.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.